Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Jesse C. Ferrantella CA Bar No. 279131
jesse.ferrantella@ogletree.com
Yousaf M. Jafri CA Bar No. 314773
yousaf.jafri@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA  92122
Telephone:  858-652-3100
Facsimile:   858-652-3101

Attorneys for Defendant CINTAS CORPORATION NO. 3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN A. CASTRO, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CINTAS CORPORATION NO. 3 and DOES 1 through 50, inclusive,<br><br>　　　　　Defendant. | Case No. '24CV0932 WQH MMP<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Complaint Filed: April 24, 2024<br>Trial Date:　　Not Set |

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Defendant CINTAS CORPORATION NO. 3 ("CCN3") hereby removes the above-entitled action ("Action") to the United States District Court for the Southern District of California, under 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act ["CAFA"]), and 1446. CCN3 does so on the grounds that: (1) minimal diversity exists between CCN3, on the one hand, and Plaintiff DAMIAN A. CASTRO ("Plaintiff") and many of the putative class members, on the other hand; (2) the aggregate number of putative members amongst all proposed classes exceeds 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied.

The foregoing facts were true when Plaintiff filed the Class Action Complaint ("Complaint") and remain true as of the date of filing this Notice of Removal. Removal jurisdiction is therefore appropriate as detailed more fully below.

## I. STATE COURT ACTION

1. Plaintiff filed his Complaint on April 24, 2024 in the San Diego County Superior Court ("Action"). The Action was assigned Case No. 37-2024-00019252-CU-OE-CTL. (Declaration of Jesse C. Ferrantella ["Ferrantella Decl."], ¶ 2; Ex. A, Complaint.) A copy of the Complaint is attached as **Exhibit A**.

2. Plaintiff served CCN3's agent for service of process with the Complaint on April 25, 2024. (Ferrantella Decl., ¶ 3: Ex. B.)

3. CCN3 filed its Answer to Plaintiff's Complaint in the San Diego County Superior Court on May 28, 2024 prior to filing the instant Notice of Removal. (Ferrantella Decl., ¶ 4; Ex. C, Answer.)

## II. REMOVAL IS TIMELY

4. The time to remove under 28 U.S.C. §1446(b) does not begin to run until receipt by the defendant, through service or otherwise, of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Here, the Complaint does not contain all facts and data to calculate the amount

1

in controversy with reasonable certainty as to the individually named plaintiff or as to the putative class. Accordingly, as mentioned, it is not possible to ascertain solely from the Complaint all facts and data that this case is removable, and, to date, CCN3 has not received any other document which would constitute an "other pleading, motion, order or other paper" providing this missing information. (Ferrantella Decl., ¶ 6.) Accordingly, the time to remove this action has not yet begun.

5. Even if it could be determined from the four corners of the Complaint that this action is removable, this Notice of Removal would still be timely. Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), CCN3's deadline to remove the Action is May 28, 2024. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). Thus, this removal is timely.

### III.   REMOVAL IS PROPER UNDER CAFA

6. Removal is proper given Plaintiff's allegations and claims. Plaintiff's Complaint asserts failure to: (1) pay all minimum wages; (2) pay all overtime wages; (3) provide meal periods and pay missed meal period premiums; (4) provide rest periods and pay missed rest period premiums; (5) pay wages timely; (6) furnish accurate wage statements; (7) pay all wages earned and unpaid at separation; (8) reimburse business expenses; and (9) provide records. Plaintiff also alleges (10) unfair competition. (Ex. A, Complaint.).

7. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. § 1446.

8. This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class is a citizen of a State different from CCN3, the number of individuals in the proposed

2

classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

      **A.**      **CAFA's Diversity of Citizenship Requirement is Satisfied**

      9.      CAFA's diversity requirement is satisfied "so long as 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Bradford v. Bank of Am. Corp.*, No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015) (citing *California v. IntelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014)); 28 U.S.C. §§ 1332(d)(2), 1453(a), (b).

      10.      Plaintiff Damian A. Castro is a resident of the State of California within the meaning of 28 U.S.C. § 1332(a). (Declaration of Justin Knight ("Knight Decl.") ¶ 3.) The same is true of numerous other putative class members. (*Id.*)

      11.      At all relevant times, CCN3 has been a citizen of Nevada. (Knight Decl., ¶ 2.) Under 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business. A company's "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The "nerve center" is normally where the corporation maintains its headquarters. *Id*.

      12.      At all relevant times, CCN3 has been a company organized under the laws of Nevada, with its principal place of business in Ohio. (Knight Decl., ¶ 2.) CCN3's principal place of business is Ohio because operations are directed, controlled, and managed out of its offices there. CCN3 has not been incorporated in California and has not had its headquarters, executive offices, or principal place of business in California. (*Id.*) Accordingly, CCN3 is a citizen of Nevada and Ohio, and not a citizen of California. (*See id.*)

13. Minimal diversity is established because Plaintiff is a citizen of California and CCN3 is not; it is a citizen of Nevada. Removal is therefore proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

### B. CAFA's Class Size Requirement Is Satisfied

14. Plaintiff brings the Action pursuant to California Code of Civil Procedure § 382 on behalf of the following class ("Class"):

> All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification, excluding Management Trainees.

(Ex. A, Complaint, ¶ 15.)

15. While CCN3 disputes Plaintiff's allegations, from April 24, 2020, through the date of the Knight Declaration (May 28, 2024), CCN3 employed, in the aggregate, at least 3,624 non-exempt employees in the putative class. (Knight Decl., ¶ 4.) Thus, CAFA's size requirement is satisfied.

### C. CAFA's Requisite $5 Million Amount in Controversy Is Satisfied

16. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

17. Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). Courts look to the allegations in the complaint in determining the amount in controversy. *LaCross v. Knight Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("[O]ur first source of reference in determining the amount in controversy [is] plaintiff's complaint"). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a

verdict in the plaintiff's favor on every claim." *Henry v. Central Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017).

18.  Plaintiff seeks the recovery of meal and rest period premium pay, unpaid wages (including overtime wages), itemized wage statement penalties, and waiting time penalties, on behalf of himself and the putative classes. (*See* Ex. A, Complaint.) The Complaint, on its face based on the allegations in it, satisfies the $5 million threshold for CAFA removal.[1] *See* 28 U.S.C. § 1332(d).

### 1.   Relevant Putative Class Data

19.  Plaintiff seeks to certify various classes from April 24, 2020 to the present. From April 24, 2020 to the Notice of Removal, CCN3 employed, in the aggregate, at least 3,624 non-exempt employees in California. Those employees worked approximately 369,911 workweeks and pay periods. The average hourly rate during the alleged class period is $19.88. (Knight Decl., ¶ 4.)

20.  From April 24, 2021, to the present, CCN3 terminated the employment of at least 1,403 non-exempt employees in California. The average hourly rate during the alleged class period is $19.43. This equals an average daily rate (8 hours) of approximately $155.44. (Knight Decl., ¶ 4.)

21.  From April 24, 2023, to the present, CCN3 issued at least 107,506 wage statements to at least 2,255 non-exempt employees in California. (Knight Decl., ¶ 6.) If the figure is capped at a maximum of 40 wage statements per non-exempt employee, the total wage statements at issue is 78,977. (*Id.*)

---

[1] In alleging the amount in controversy for purposes of CAFA, CCN3 does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor does CCN3 concede that any or all putative class members are entitled to any recovery in this case, or are appropriately included in the action. CCN3 also does not concede Plaintiff can bring his claims on class or representative basis.

### 2. Waiting Time Penalties

22. Plaintiff alleges the following in support of his claim for Waiting Time Penalties pursuant to Labor Code §§ 201, et seq.: "[t]his cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages." (Ex. A, Complaint, ¶ 70.) Plaintiff alleges "Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and IWC Wage Orders." (*Id*., at ¶ 71.)

23. California Labor Code section 203 provides "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010). The limitations period for such waiting time penalty claims is three years. *Id.* at 1400.

24. From April 24, 2021, to the present, CCN3 terminated the employment of at least 1,403 non-exempt employees in California. The average hourly rate during the alleged class period is $19.43. This equals an average daily rate (8 hours) of approximately $155.44. (Knight Decl., ¶ 5.)

25. Therefore, based on Plaintiff's allegations, the amount in controversy for waiting time penalties is at least **$6,542,469.60** ($19.43 per hour x 8 hours x 30 days x 1,403 putative class members). *See Crummie v. CertifiedSafety, Inc.*, No. 17-CV-03892-RS, 2017 WL 4544747, at *3 (N.D. Cal. 2017) (finding it "completely

reasonable" for the defendant to assume the maximum, 30-day period of waiting time penalties where the allegations support the assumption); *Marentes v. Key Energy Servs. Cal., Inc.*, No. L13–CV–02067 AWI, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015) (where "wages are alleged to have not been paid, the full thirty days may be used for each of the putative class members."). Even if the amount were somehow reduced by 20%, the amount in controversy easily exceeds the $5 million threshold.

### 3. Further Data

26. For purposes of this removal, waiting time penalties alone are more than sufficient to support the required $5 million threshold amount in controversy. However, CCN3 has provided data sufficient to calculate and support, based on Plaintiff's allegations, an even greater amount in controversy based on wage statement penalties, meal period penalties, rest period penalties, and Plaintiff's other claims. (Knight Decl., ¶¶ 4-6.) There is no doubt that, as alleged, the amount in controversy exceeds the requisite threshold.

### 4. Attorney Fees

27. Based on the above, CCN3 has demonstrated there is at least **$6,542,469.60** in controversy in waiting time penalties alone.

28. Plaintiff also seeks attorney fees in connection with the above claims. (Ex. A, Complaint, Prayer, subp. (h).) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Altamirano v. Shadow Indus., Inc.*, No. C-13-

0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. Jan. 14, 2013) (including 25% attorney's fees to increase the amount-in-controversy to above $5 million CAFA threshold).

29. Assuming an award of attorney fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$1,635,617.40** ($6,542,469.60 x 0.25).

### 5. Summary

30. Based Plaintiffs' allegations, the amount in controversy is at least **$8,178,087** ($6,542,469.60 + $1,635,617.40). Even excluding Plaintiffs' other claims, including wage statement penalties, meal period penalties, rest period penalties, and overtime wages and minimum wages, the Complaint easily satisfies the $5 million threshold.

## IV. VENUE IS PROPER IN THIS COURT

31. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of San Diego is within the Southern District of California. 28 U.S.C. § 84(c)(2). As such, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

32. Under 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the Declaration of Jesse Ferrantella, and Exhibits A to C, which constitute a copy of all processes, pleadings, and orders provided to CCN3.

33. As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as Plaintiffs served CCN3 on April 24, 2024.

34. As required by 28 U.S.C. §1446(d), CCN3 provided Notice of Removal to Plaintiffs through their attorneys of record.

35. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Diego.

36. If this Court has a question regarding the propriety of this Notice of Removal, CCN3 respectfully requests it issue an Order to Show Cause so it may have an opportunity to provide additional briefing on the grounds for this removal, including further detail regarding the full amount in controversy.

## V. **CONCLUSION**

For the foregoing reasons, CCN3 removes the above-entitled action to the United States District Court for the Southern District of California.

DATED: May 28, 2024                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ *Spencer C. Skeen*
Spencer C. Skeen
Jesse C. Ferrantella
Yousaf M. Jafri
Attorneys for Defendant CINTAS CORPORATION NO. 3